UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TERESA JACKSON,  )<br>)<br>Plaintiff,  )<br>)<br>V.  )<br>)<br>BIMBO BAKERIES USA, INC., et al.,  )<br>)<br>Defendants.  ) | Civil Action No. 6: 17-134-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Bimbo Bakeries USA, Inc.'s ("Bimbo"), Joey Patterson's ("Patterson"), and Delbert Smith's ("Smith") motion for summary judgment. [Record No. 34] Additionally, Plaintiff Teresa Jackson ("Jackson") has filed a motion to remand her state law claims to the Laurel Circuit Court. [Record No. 40] For the reasons that follow, the defendants' motion for summary judgment will be granted, in part. The plaintiff's motion to remand will be granted with respect to the remaining claims.

I.

Teresa Jackson worked at Bimbo's London, Kentucky facility from 1999 through May 2016. [Record No. 33, p. 8] She was a member of Bakery, Confectionary, Tobacco Workers, and Grain Millers International Union, AFL-CIO, Local No. 280 ("the Union") while employed by Bimbo's. Her employment was subject to a collective bargaining agreement ("CBA") which provided that union members could only be suspended or discharged for "just cause." *Id.*

Jackson contends that, in 2015, her work environment became filled with "sexual comments and innuendo and inappropriate language." This included the following: Two female co-workers yelled "filthy names" at her and complained that she performed her job poorly; and a male co-worker "humped" objects and other males in the bakery. *Id.* at pp. 11-14. Jackson also complained that the male co-worker responsible for shift relief consistently arrived ten to fifteen minutes late. *Id.* at p. 10. Jackson asserts that she reported these events to supervisors and the human resources department in 2015, but nothing was done. *Id.* at pp. 10-11.

Jackson received a verbal reprimand on August 1, 2015, for leaving her duty station when her male co-worker failed to show up on time. [Record No. 33-1, p. 19] That same day, Jackson filed a grievance which read: "Discrimination harassing a female employ[ee] over something a male employ[ee] has been doing for over a year. This is the second time this has happened." [Record No. 33-1, p. 20] She indicated that her "settlement desire" was "equal employment conditions just like the men." *Id.* Jackson explained in her deposition that everyone was relieved of their shift on time except for her and her grievance referred to her male co-worker arriving late for over a year. [Record No. 33, p. 16] She clarified that when she made the allegation of "harassing a female employee," she was referring to the fact that she was reprimanded for leaving her work station. *Id.*

Jackson contends that she started getting disciplined more frequently after submitting the grievance. Specifically, she was cited for attendance and job performance issues on several occasions. [Record No. 33-1, pp. 33, 36, 39, 40] Matters came to a head on April 24, 2016, when co-worker Scotty Allen told Jackson to go to the dock area and look at something that had been written on the desk. [Record No. 33, p. 31] Jackson discovered a dry erase board

with a small piece of cardboard with plastic taped to it. Someone had written on the cardboard: "If you give a woman 2 glasses of wine it increases the chances of a stroke, but if you give her the whole bottle you have a better chance of a blowjob!" [Record No. 33-1, p. 41] According to Jackson, her male co-workers laughed as she read the comments. [Record No. 33, p. 34]

Jackson took the small piece of cardboard (which she characterized as garbage) and put it in her car. *Id.* at pp. 31-32. After returning to her work station, supervisors Joey Patterson and Delbert Smith questioned Jackson about the dry erase board, which she denied taking. *Id.* at p. 32. Shortly thereafter, two London police officers arrived and asked Jackson whether she had stolen a dry erase board belonging to the bakery. *Id.* at p. 34. Jackson took a photo of the cardboard with the comments on it and gave it to police, who returned it to Smith. Patterson suspended Jackson for stealing company property after the officers left. *Id.* at p. 35. On May 16, 2016, Jackson received a letter from Lori Weeks, Bimbo's HR Director, informing Jackson that her employment was terminated based on theft of company property. *Id.* at p. 36.

## II.

Jackson filed this action on April 24, 2017, in Laurel Circuit Court. She alleged sex discrimination and retaliation under the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010, *et seq.*, and various claims under Kentucky common law, including false imprisonment, defamation, intentional infliction of emotional distress ("IIED"), and invasion of privacy. [Record No. 1-1] Jackson also alleged that Bimbo had breached the CBA by terminating her employment without just cause. *Id.* at p. 19. The defendants filed a notice of removal on May 22, 2017, because Jackson's breach of contract claim is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). [Record No. 1] Accordingly, the Court has federal question jurisdiction with respect to the breach of contract claim, 28 U.S.C. § 1331,

and supplemental jurisdiction over the remaining claims, which are part are the same case or controversy. *See* 28 U.S.C. § 1367(a).

The defendants moved for summary judgment with respect to all claims on March 1, 2018. [Record No. 34] Jackson concedes that her claim for conspiracy to retaliate (Count II) "must be dismissed" because it is barred by the intracorporate conspiracy doctrine. *See Cowing v. Commare*, 499 S.W.3d 291, 294 (Ky. Ct. App. 2016). She also agrees that her claim of sex discrimination (Count III) should be dismissed because she admitted in her deposition that her employment was not terminated due to her sex.[1] [Record No. 39, p. 2] Finally, Jackson agrees that her breach of contract claim (Count VIII) should be dismissed because it is barred by the sixth-month statute of limitations applicable to claims under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Accordingly, the Court will grant summary judgment in favor of the defendants with respect to these claims.

Jackson has asked the Court to remand her remaining claims (Counts I, IV, V, VI, VII) to state court. [Record No. 40] These claims assert retaliation under the KCRA, false imprisonment, defamation, IIED, and invasion of privacy. Generally, when all federal claims are dismissed before trial, the remaining pendent state claims should be remanded to state court. *See Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). The defendants oppose remand, arguing that it is "too late," as the parties have engaged in full

---

[1] Jackson contends that her sex discrimination claim should be dismissed without prejudice "as it involves claims of discrimination involving the union contract, wages and whether or not union dues were paid by other employees, which were not a part of this lawsuit." [Record No. 40, p. 2] However, Jackson has failed to identify any adverse employment action other than her termination, which she concedes was not based on her sex. *See Com. v. Solly*, 253 S.W.3d 537, 541 (Ky. 2008); *Brooks v. Lexington-Fayette Urban Cnty. Hous. Auth.*, 132 S.W.3d 790, 802 (Ky. 2004). Accordingly, this claim will be dismissed with prejudice.

discovery, briefed a motion for summary judgment, and filed nine status reports.  However, it is presumed that the parties would have engaged in discovery and motion practice regardless of forum, and few judicial resources have been invested in the matter to this point.  The plaintiff's claims involve quintessential issues of state law, and this Court should to refrain from deciding such issues needlessly.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). As the defendants point out, discovery is complete, and there should be no reason that they cannot renew their motion for summary judgment regarding the remaining claims in state court.

### III.

Based on the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Defendants' Motion for Summary Judgment [Record No. 34] is **GRANTED**, in part.  Summary judgment is granted in favor of the defendants with respect to Plaintiff Jackson's claims of conspiracy to retaliate (Count II), sex discrimination (Count III), and breach of contract (Count VIII).

2. The plaintiff's Motion to Remand [Record No. 40] is **GRANTED**.  This matter is **REMANDED** to Laurel Circuit Court.

3. This matter is **STRICKEN** from the Court's docket.

This 16th day of April, 2018.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge